21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry GORDON, Plaintiff-Appellant
v.
Kyle C. DUMLER, Defendant-Appellee.
 No. 93-1410.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, McKAT and BALDOCK.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Larry Gordon, a pro se state prisoner, brought this civil rights action under 42 U.S.C.1983 (1988) against Kyle Dumler, a state public defender who had represented Mr. Gordon in state court criminal proceedings. Mr. Gordon alleged that he was not adequately represented by Mr. Dumler and sought monetary damages. The case was referred to a federal magistrate judge, who recommended that the suit be dismissed with prejudice. The district court adopted the recommendation and Mr. Gordon appeals. We affirm.
 
 
 4
 A defendant in a section 1983 action must have committed the challenged acts while acting under color of state law. See United States v. Classic, 313 U.S. 299, 325-26 (1941). In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Here, as in Polk County, Mr. Gordon's section 1983 action against his public defender is based on the attorney's traditional functions as counsel. Accordingly, Mr. Gordon has failed to state a claim.[2]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Gordon alleges that defendant provided ineffective assistance of counsel in violation of Mr. Gordon's Sixth amendment right to counsel. However, Mr. Gordonn does not ask for habeas relief and, in any event, he has not sued the proper party against whom a habeas writ could be granted